IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL GONZALEZ-AVALOS,

    Movant/Defendant,

v.                                                                                                               No. 19-cv-0825 MV/SMV
                                                                                                                 15-cr-3254-4 MV

UNITED STATES OF AMERICA,

    Respondent.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Doc. 3],[1] filed on August 20, 2019.[2] The United States responded on September 4, 2020. [Doc. 6]. Movant did not reply, and the time for doing so has passed. The Honorable Martha Vázquez, United States District Judge, referred this matter to me for analysis and a recommended disposition. [Doc. 4]. I have considered the briefing, the relevant portions of the record in this case and the criminal case, and the relevant law. Being otherwise fully advised in the premises, I recommend that Movant's Motion be DENIED.

---

[1] Unless otherwise indicated, citations refer to documents in the civil case, not the underlying criminal case. Citations to documents on the record in the underlying criminal case are indicated by the letters "CR." (Example: [CR Doc. 8]).

[2] Movant filed his initial Motion Under 28 U.S.C. § 2255 on August 20, 2019. [Doc. 1]. On October 17, 2019, he filed a Motion to Amend or Supplement Pending 28 U.S.C. § 2255 Motion Pursuant to Fed. R. Civ. P. 15. [Doc. 3]. The Court granted Movant's Motion to Amend on August 28, 2020. [Doc. 5]. Because the Motion to Amend contains Movant's arguments in this case in their entirety, the Court will consider it as the Operative Motion. *Compare* [Doc. 1], *with* [Doc. 3].

## PROCEDURAL HISTORY

Movant pleaded guilty on November 30, 2016, to conspiring to possess with intent to distribute more than 500 grams of methamphetamine and more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On November 8, 2017, Judge Vázquez sentenced Movant to the statutory minimum of 120 months (10 years) in prison. [CR Doc. 176] at 1, 84. Movant appealed his sentence to the Tenth Circuit on January 5, 2018. [CR Doc. 182]. On October 19, 2018, the Tenth Circuit entered its Order and Judgment, affirming Movant's sentence. *United States v. Gonzalez-Avalos*, 753 F. App'x 601, 602 (10th Cir. 2018). Movant timely filed the present Motion to Vacate Under 28 U.S.C. § 2255 on August 20, 2019. *See* § 2255(f)(1) (specifying that a movant must file within one year from "the date on which the judgment of conviction becomes final"); *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000) ("[F]or purposes of § 2255, if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires."); Sup. Ct. R. 13 (a petition for writ of certiorari to review a judgment must be filed within ninety days after entry of the judgment).

## FACTUAL BACKGROUND

On or about August 19, 2015, Movant and three co-defendants were arrested for drug trafficking offenses. [CR Doc. 192] at 11:12–12:20. After the arrests, Movant and all three co-defendants made statements to law enforcement. *See* [CR Doc. 176] at 8:8–18, 36:3–39:10; [CR Doc. 122] at 14, 16–17. The second and third co-defendants both told agents that the drugs were to be delivered to Movant. *See* [CR Doc. 122] at 15–17. However, according to the Presentence Report ("PSR"), Movant denied that he was to receive the drugs. [CR Doc. 119]

2

at 5, ¶ 12. Rather, he told agents that the second and third co-defendants merely showed up at his place of work and asked him for a ride. *Id.* When the interviewing agent told him that both the second and third co-defendants had informed agents that the drugs were to be delivered to him, he claimed that someone was trying to set him up and denied knowing either of them. *Id.*

At Movant's change-of-plea hearing before United States Magistrate Judge Karen B. Molzen, the Government proffered that the first co-defendant had been hired by the second and third co-defendants to transport the drugs to Albuquerque. [CR Doc. 192] at 11:12–12:20. After following the first co-defendant to the delivery point, agents conducted a stop of a second vehicle and located Movant inside, along with the second and third co-defendants. *Id.* The Government further proffered that the second and third co-defendants planned to deliver the drugs to Movant for distribution. *Id.* at 12:11–18. Through defense counsel, Movant agreed with all the facts as proffered by the Government "except for the portion as to who was going to receive the drugs." *Id.* at 13:9–16. In response to Judge Molzen's questions about why Movant was pleading guilty, counsel explained that Movant had been asked by a co-defendant to assist, that he knew there were drugs in the vehicle, that he did not know any specifics about the plans for the drugs, and that he drove the co-defendants in his vehicle to the delivery point. *Id.* at 14:18–15:6. After the Government's proffer and statements of defense counsel, Judge Molzen found a sufficient factual basis for Movant's guilty plea. *Id.* at 15:9–10.

Prior to the sentencing hearing, Movant's counsel filed a Sentencing Memorandum [CR Doc. 122], which objected to some of the PSR's factual statements and argued that Movant

should be sentenced below the guideline range[3] because (1) he was eligible for the safety valve,[4] and (2) he deserved a downward adjustment based on his role as a minor participant.[5] *See id.* at 13–19. Counsel also submitted a notarized statement from the third co-defendant, Mr. Gallardo-Cota, which declared that his prior statements to agents about Movant were false and that he made them because of fear and pressure. [CR Doc. 122-2] at 3. In contrast, the Government's Sentencing Memorandum requested that Movant receive a sentence at the high end of the guideline range, 168 months, arguing that he had shown "unusual sophistication in [his] attempts to avoid capture for this crime." [CR Doc. 140] at 1. At the sentencing hearing, Mr. Gallardo-Cota testified under oath that the statements he had previously made to agents about Movant were false. [CR Doc. 176] at 4:14–7:21.

Judge Vázquez found that Movant met four of the five criteria necessary to qualify for the safety valve but that the record could not support finding the fifth element. *Id.* at 79:14–80:21. Still, Judge Vázquez found that a downward variance was appropriate and sentenced Movant to the mandatory minimum of 120 months, 15 months below the guideline range. *Id.* at 84:7–13 (granting a downward variance after considering the factors in 18 U.S.C. § 3553(a)).

---

[3] The advisory guideline range for Movant's crime was 135–168 months. *See* PSR [CR Doc. 119] at 11, ¶ 55.

[4] Movant pleaded guilty to conspiring to distribute at least 500 grams of a substance containing methamphetamine and 100 grams of a substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* [CR Doc. 25]; [CR Doc. 192] at 4–5. Thus, Movant was subject to a mandatory minimum of 120 months (10 years) of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii). However, a separate statute includes a "safety-valve" provision that directs the court to disregard the mandatory minimum if it determines that a defendant meets five elements. 18 U.S.C. § 3553(f)(1)–(5); U.S.S.G. § 5C1.2(a). In this case, if Judge Vázquez had found that Movant qualified for the safety valve, the mandatory minimum sentence would not apply, and the advisory guideline range for the crime would decrease the offense level, making the imprisonment range drop from 135–168 months to 108–135 months. *See* U.S.S.G. § 2D1.1(b)(18).

[5] The Sentencing Guidelines provide that "[i]f the defendant was a minor participant in any criminal activity," his offense level will be "decreas[ed] by 2 levels." U.S.S.G. § 3B1.2(b). In this case, if Judge Vázquez had found that Movant qualified as a "minor participant," then the sentencing guideline range for his conviction would drop from 135–168 months to 108–135 months. *See* [CR Doc. 176] at 56:12–20; [CR Doc. 122] at 18–19. Importantly, the minor-participant adjustment would not have negated the statutorily imposed minimum sentence of 120 months.

In his direct appeal to the Tenth Circuit, Movant's appellate counsel argued that Judge Vázquez improperly decided that he was ineligible for the safety valve. *Gonzalez-Avalos*, 753 F. App'x at 602. Specifically, Movant challenged Judge Vázquez's finding that he had not truthfully provided law enforcement with all the information he had about the nature and extent of the criminal conspiracy to which he pleaded guilty. *Id.* The Tenth Circuit found no clear error in Judge Vázquez's factual findings and affirmed Movant's sentence. *Id.* at 606–07.

In the instant Motion to Vacate, Movant now argues that he received ineffective assistance of counsel because his attorney did not discuss the safety-valve provision with him, did not argue that he qualified for the safety valve, and did not argue for an adjustment based on his role as a minor participant. *See generally* [Doc. 3]. He requests that the Court resentence him to a term of imprisonment below the mandatory minimum, applying the safety-valve provision and the minor-participant-role adjustment. *Id.* at 10.

## **LEGAL STANDARD**

A district court shall grant relief under § 2255 if it determines "that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). The movant in a § 2255 case bears the burden of establishing a Sixth Amendment claim for ineffective assistance of counsel. *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000). To prevail on a claim for ineffective assistance of counsel, the movant must show that (1) his counsel's performance was deficient and (2) such deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To establish deficient performance, the movant must show that "counsel's representation fell below an objective standard of reasonableness," as judged under prevailing professional

5

norms. *Id.* at 688. In assessing performance, courts must give considerable deference to an attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The movant must show that his counsel's performance was "completely unreasonable, not merely wrong." *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (quoting *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999)). "Neither hindsight nor success is the measure" of whether counsel was effective, and "effective" is not synonymous with victorious or flawless. *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994).

Second, to establish prejudice, the movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The Court need not address both prongs of the standard if the movant makes an insufficient showing on one of the prongs. *Id.* at 697.

## ANALYSIS

Movant requests habeas relief based on ineffective assistance of counsel. He argues that he was eligible for the safety valve, but his counsel failed to pursue it. [Doc. 3] at 4–6. He also contends that he was eligible for a downward adjustment based on his role as a minor participant, but counsel failed to "pursue clarifying" multiple incorrect facts in the PSR. [Doc. 3] at 6–9. For the following reasons, I recommend finding that neither argument is meritorious.

**A.     Contrary to Movant's representation, trial counsel zealously argued for the safety valve.**

Movant contends that counsel provided ineffective assistance because he failed to argue that he qualified for the safety valve. [Doc. 3] at 4–6. Movant seems to be under the impression

6

that his trial attorney did not argue for the safety valve. *Id.* I recommend rejecting this argument because Movant is plainly mistaken.

Trial counsel zealously sought and argued for the safety-valve provision to apply to Movant so that he could obtain a sentence below the mandatory minimum. Counsel submitted a 19-page Sentencing Memorandum to Judge Vázquez in which he specifically argued that Movant qualified for the safety valve. [CR Doc. 122] at 17–19. The Memorandum discussed Movant's family and community connections and included 30 letters from friends and family as exhibits A–DD. *Id.* at 3–12. In addition to the Sentencing Memorandum, trial counsel submitted a Response to the Government's Sentencing Memorandum. [CR Doc. 152]. The Response again argued for a below-guideline sentence based on the safety-valve provision. *Id.* at 3–4. Finally, the transcript from the sentencing hearing shows that trial counsel zealously argued that Movant was safety-valve eligible. *See, e.g.*, [CR Doc. 176] at 45, 49. In fact, the entire sentencing hearing was conducted "to determine whether [Movant was] safety valve eligible," and defense counsel called two witnesses to support such arguments. *Id.* at 10, 2. Additionally, at the hearing, Judge Vázquez took a recess to allow trial counsel time to discuss strategy with Movant—whether he wanted to present further safety-valve evidence, when possible perjury concerns were raised. *Id.* at 49–50, 54–56. Because the record clearly illustrates that trial counsel zealously argued for the safety valve, Movant cannot establish that trial counsel's performance "fell below an objective standard of reasonableness," and therefore cannot prevail on his ineffective assistance claim. *See Strickland*, 466 U.S. at 688.

**B.      Contrary to Movant's representation, trial counsel zealously argued for a minor-participant adjustment.**

Movant further contends that counsel provided ineffective assistance because he failed to object to specific facts in the PSR and failed to argue that Movant was eligible for a reduced sentence based on his role as a minor participant. [Doc. 3] at 6–9. Movant appears to be under the impression that trial counsel did not object to the PSR's version of the facts or pursue a lower offense level, based on his role as a minor participant. *Id.*; *see also* U.S.S.G. § 3B1.2(b). I recommend rejecting this argument because Movant is again plainly mistaken.

The record shows that trial counsel objected to facts in the PSR and zealously argued for a reduced sentence based on Movant's role as a minor participant. Counsel's Sentencing Memorandum specifically objected to facts outlined in the PSR and argued for an adjustment based on Movant's role as a minor participant. [CR Doc. 122] at 14–19. Moreover, trial counsel's Response to the Government's Sentencing Memorandum also argued for a lesser sentence based on Movant's role as a minor participant. [CR Doc. 152] at 3–4. Finally, at the sentencing hearing, trial counsel objected to portions of the Government's version of the facts and argued for a sentencing adjustment based on Movant's role as a minor participant. [CR Doc. 176] at 37–39, 56–58. Because the record clearly illustrates that trial counsel zealously argued for the minor-participant adjustment, Movant cannot establish that trial counsel's performance "fell below an objective standard of reasonableness," and therefore cannot prevail on his ineffective assistance claim.[6] *See Strickland*, 466 U.S. at 688.

---

[6] Additionally, it is worth noting that, although Judge Vázquez did not find Movant eligible for the safety valve or a minor-participant-role adjustment, she did grant Movant a downward variance, based on the factors in 18 U.S.C. § 3553(a). [CR Doc. 176] at 84. For Movant's crime, the advisory guideline range was 135–168 months, but Judge Vázquez sentenced him to 120 months, which was 15 months fewer than the low end of the guideline range. *Id.*

C.     **Movant has not shown that his appellate counsel provided ineffective assistance.**

Movant makes no specific claim about ineffective assistance of counsel that appears to be directed at his appellate attorney. *See generally* [Doc. 3]. However, to the extent that Movant intends his arguments to apply to appellate counsel as well as trial counsel, I also recommend rejecting any such argument because Movant cannot show that appellate counsel's performance "fell below an objective standard of reasonableness." In Movant's opening brief on appeal, appellate counsel raised and zealously argued for a reduced sentence for Movant based on the safety-valve provision. [Doc. 6-4] at 12–33. In Movant's reply brief on appeal, counsel again raised and zealously argued for the safety valve to be applied to Movant and went into detail about facts alleged in the PSR to which Movant objected. [Doc. 6-6] at 4–11. Therefore, because Movant's appellate counsel zealously argued for the safety valve, Movant cannot establish that appellate counsel's performance "fell below an objective standard of reasonableness," and therefore cannot prevail on his ineffective assistance claim.[7] *See Strickland*, 466 U.S. at 688.

---

at 79:10–11; 84:10–12. Thus, Movant cannot show prejudice because, absent the safety-valve provision, Judge Vázquez could not have sentenced him to a term of imprisonment less than 120 months. *See supra* footnote 5.

[7] To the extent that Movant intends his argument to apply to appellate counsel's failure to argue for a minor-participant-role adjustment, such argument is without merit. As previously mentioned, Movant was granted a downward variance and given a sentence (120 months) that was 15 months below the low end of the guideline range. [CR Doc. 176] at 79:10–11; 84:10–12. Movant's 120-month sentence was mandated by statute. *See id.* at 84:8–9. The safety-valve provision would have allowed Judge Vázquez to disregard the mandatory minimum. *See* 18 U.S.C. § 3553(f)(1)–(5); U.S.S.G. § 5C1.2(a). However, an adjustment based on his role as a minor participant would not allow her to disregard the mandatory minimum. *See* U.S.S.G. § 3B1.2(b). Therefore, if the safety-valve provision did not apply, the minor-participant argument was not relevant because Movant remained subject to the mandatory minimum and could not have been given a sentence lower than 120 months. *See* 18 U.S.C. § 3553(f)(1)–(5). Thus, appellate counsel was not objectively unreasonable to not have raised the minor-participant argument because, without the application of the safety valve, a minor-participant adjustment could not be applied to lower Movant's sentence below the 120-month mandatory minimum. *See Strickland*, 466 U.S. at 688; U.S.S.G. § 3B1.2(b). Moreover, Movant cannot show prejudice either—even if appellate counsel had argued for the minor-participant adjustment, it could not have lowered his sentence. *See Strickland*, 466 U.S. at 688; U.S.S.G. § 3B1.2(b).

### D. No evidentiary hearing is needed because the existing record conclusively shows that Movant is entitled to no relief.

The movant "is entitled to an evidentiary hearing on a § 2255 motion '[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief.'" *United States v. Gallegos*, 459 F. App'x 714, 716 (10th Cir. 2012) (quoting 28 U.S.C. § 2255(b)). When "there is a disputed factual issue," the movant "is entitled to an evidentiary hearing." *Id.* at 716–17. Yet, when the evidence permits the court to resolve the § 2255 motion on the existing record, the movant is not entitled to an evidentiary hearing. *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996). The movant has the burden of establishing the necessity of an evidentiary hearing. *See Gallegos*, 459 F. App'x at 717.

In this case, Movant is not entitled to an evidentiary hearing because no relevant factual dispute exists, and because the existing record conclusively shows that he is entitled to no relief. Movant's § 2255 Motion is based on claims that counsel were ineffective because they did not argue for the safety valve or minor-participant adjustment.[8] *See* [Doc. 3]. And yet, as noted earlier, it is apparent from the record that Movant's trial counsel did zealously argue for a lesser sentence based on the safety-valve provision and minor-participant-role adjustment. *See* [CR Doc. 176] at 40–63. Additionally, Movant's appellate counsel zealously argued for the safety valve. *See* [Doc. 6-4]. Moreover, as explained above, the existing record permits me to determine that Movant has failed to show that counsel's representation prejudiced him. Movant identifies in his briefing no

---

[8] To the extent that Movant asserts that counsel were ineffective because they did not inform him of the availability of the safety valve or the minor-participant-role adjustment, *see* [Doc. 3] at 4–5, such argument is without merit. The standard under *Strickland* focuses on whether counsel's performance prejudiced Movant, not whether counsel adequately explained all of counsel's legal arguments to Movant. *See* 466 U.S. at 687–88.

relevant factual dispute that would require an evidentiary hearing. Therefore, Movant fails to meet his burden to establish the necessity of an evidentiary hearing.

## CONCLUSION

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Doc. 3] be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**